NEW ENGLAND SOLICITING CO., INC. *vs.* HORACE L. WELLER, DIRECTOR OF BUSINESS REGULATION.

NOVEMBER 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an appeal from an order of the director of the department of business regulation forbidding the sale of certain securities of the appellant without further

action by the department or the court, and made in accordance with general laws 1938, chapter 121, providing for the regulation of the sale of securities in this state.

In accordance with § 4 of said chapter, the appellant filed with the department a notice of intention to sell certain "burial contracts" to furnish specified equipment and services for funerals, which contracts it described in the notice as "the following securities." After an informal hearing, at which appellant was given a full and fair opportunity to present all the evidence it desired in support of its application for the director's approval of these securities, the director decided that it would be against the public interest to permit such securities to be offered for sale.

At this hearing no question was raised as to whether the so-called burial contracts, which appellant desired to sell and which were evidenced by formal printed certificates, were securities, within the meaning of chapter 121. On the contrary, appellant stated in its written notice of intention that it desired to sell securities under the provisions of that chapter. In an application for registration as a broker to sell securities, which application was filed later with the department, it again stated that it was seeking to sell these contracts as securities within the meaning of that chapter.

Before filing its notice of intention to sell securities, the appellant had been advised by the director that he had already ruled, in the cases of several other parties, that such burial contracts as appellant desired to sell were securities within the meaning of that chapter and that if appellant wished to contest this point, it could do so at a formal public hearing, or, if it wished to submit to the ruling of the department, it could avoid the necessity of a public hearing by filing a notice of intention, in accordance with § 4. In such event, there would be an informal hearing at which the appellant could supply information in support of its application for approval of its securities for sale under the statute,

458

and such information would be given the same consideration as evidence obtained at a public hearing.

The appellant voluntarily chose to follow the latter suggestion and did not contend before the director that its contracts were not securities under the statute. At the informal hearing it sought merely to convince the director that such contracts were entitled to approval for sale as securities under the requirements of chap. 121. Naturally the director included in his decision a formal finding that such contracts were securities, within the meaning of that chapter.

The appellant now seeks on this appeal to raise here for the first time the question whether or not these burial contracts are such securities. It cannot do so. This appeal brings before us for review only the question which was at issue before the director on his consideration of appellant's notice of intention to sell securities under said chapter. For the purposes of this appeal, the question whether the contracts are such securities is not open. In the present proceeding, which appellant voluntarily initiated, it was not subjected to a formal public hearing but was accorded the benefit of an informal hearing, to which it would not have been entitled had it contended before the director that chapter 121 did not apply to its contracts. Having submitted to the jurisdiction of the director, with knowledge that in other cases the director had held that such contracts were securities, and having sought and received the benefit of an informal hearing, without publicity, looking to the approval of its contracts for sale as securities under the provisions of that chapter, it will not be heard here to contend, for the first time, that its contracts were not in fact securities within the meaning of that chapter. See *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283 for a like ruling under a somewhat similar situation.

The appellant also contends that the weight of the evidence does not support the director's order, and, further,

that there is no evidence to support his findings. On this appeal this court reviews the record of the inferior tribunal for errors of law and only examines the evidence to determine whether there is competent, legal evidence upon which the findings and order of the director can reasonably rest.

We have accordingly examined the record, such as it is, of this informal hearing, and we are of the opinion that there was competent, legal evidence reasonably to support the director's order disapproving the sale of appellant's contracts as securities under chap. 121. There being no error of law, the appeal is denied and dismissed and the order appealed from is sustained.

*William B. Sweeney, Thomas J. Paolino, Walter J. Hennessey,* for petitioner.

*Louis V. Jackvony,* Attorney General, *Fred A. Otis,* Assistant Attorney General, for respondent.